PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* ERNESTO FIGUEROA, Defendant and Appellant.

No. 2525. Argued June 4, 1925.—Decided July 10, 1925.

1. FOOD—ADULTERATION OF MILK—SALE OF ADULTERATED MILK—PLEADING.—An information that charges the sale of adulterated milk follows the statute and is sufficient.

2. ID.—ID.—APPEAL—JUDGMENT — MODIFICATION. — When the judgment fails to specify the offense of which the defendant was convicted it should be modified on appeal to the effect that he was convicted of the offense charged in the information.

District Court of Ponce, R. Díaz Cintrón, J. Judgment of conviction on a charge of adulterating milk. *Modified and affirmed.*

*C. Brunet del Valle* for the appellant. *José E. Figueras, Fiscal,* for the appellee.

Mr. Justice Wolf delivered the opinion of the court.

Section 1 of the Act to provide a punishment for adulterating milk or offering or keeping the same for sale, approved March 10, 1910, reads as follows:

"Every person who adulterates or dilutes milk with the intent to offer the same for sale, or cause or permit it to be offered for sale, and every person who sells, offers or keeps the same for sale, is guilty of a misdemeanor and shall be punished by imprisonment in jail not exceeding one month, and in addition to such punishment the adulterated milk shall be confiscated; . . . The adulteration or dilution of milk may be proved in the usual manner provided by law for the trial of criminal cases, but in any event milk shall be deemed and held to be adulterated or diluted when the same does not conform to the standard that shall be prescribed by the competent authorities; *Provided,* That the standard of milk shall be fixed by the Director of Health, Charities and Correction, and published for general knowledge in the Official Gazette and in the newspapers having the largest circulation in the Island, which shall be determined by the said official."

Under this statute a crime may be committed in adulterating or diluting milk, and also in selling or offering for sale adulterated milk.

The information in this case charged that the defendant sold adulterated milk. In the absence of authority to the contrary we feel bound to hold that an information which charges the sale of adulterated milk follows the statute and is sufficient. When it is sufficient to follow the statute in criminal cases and when not, we have discussed to some extent in *People* v. *Méndez,* decided July 10, 1925, *post,* page 433. The adulteration may consist in a deliberate act or in the failure to come up to the standard fixed by law. *People* v. *Rivera,* 31 P.R.R. 612. Either situation involves a matter of fact and not a conclusion of law.

If to prepare his defense the defendant required greater specification, he should have made a motion to that effect in the court below. Nothing of that kind happened, but the defendant attempted to show that he was not the person to whom the milk belonged.

While there was a conflict in the evidence, and the defendant strenuously denied that the milk was his, yet neither the record nor the brief of the appellant convinces us that the court erred in deciding the conflict in favor of the Government.

Although the appellant contends that the judgment is lacking in that it fails to specify the offense of which he was convicted, the charge being the sale of adulterated milk, the judgment appealed from, as held by us in *People* v. *Trinidad,* 24 P.R.R. 826; *People* v. *Álvarez,* 21 P.R.R. 80, and *People* v. *Bauzá,* decided July 8, 1925, *ante,* page 319, should be modified to read that the defendant was convicted of the offense of selling adulterated milk, and, thus modified, affirmed.